**Vonny Deanne SILVANA; Jojo Franco Setlight, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74347.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Kaaren L. Barr, Seattle, WA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leslie D. Peritz, United States Department of Justice, Washington, DC, WWS–District Counsel, Immigration and Naturalization Service. Office of the District Counsel, Seattle, WA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Vonny Deanne Silvana and Jojo Franco Setlight, husband and wife and natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), and review de novo due process claims, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Petitioners' motion to reopen as untimely because it was filed more than 22 months after the BIA's June 16, 2003 orders dismissing Petitioners' appeal, and Petitioners failed to demonstrate changed circumstances in Indonesia. *See* 8 C.F.R. §§ 1003.2(c)(2), (c)(3)(ii); *see also Malty*, 381 F.3d at 945 ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asy-lum now has a well-founded fear of future persecution.").

Petitioners' contention that the BIA violated due process because it did not allow them to present evidence at a hearing fails. *See* 8 C.F.R. § 1003.2(c)(1) (motion to reopen must state new facts that will be proven at a hearing to be held if the motion is granted); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

